CLD-109                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2341
_____

ERIC J. RHETT,
                              Appellant

v.

UNITED STATES OF AMERIC; HUDSON COUNTY CHILD
SUPPORT UNIT; PSE&G COMPANY; JOSEPH SINISI; FIREMAN'S
FUND INSURANCE COMPANY; NEW JERSEY STATE TRUST FUND UNIT;
HUGH P. FRANCIS, ESQ.; MIIX INSURANCE COMPANY FOR DR. HOWARD
PECKER; DR. DOUGLAS BRADLEY; DR. FAD J. BEJJANI; GEORGE &
LUCYANNA THALODY; MEHTA MONICA, M.D.; FREDA J. RHETT;
DEPARTMENT OF COMMUNITY AFFAIRS – DIVISION OF HOUSING

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:15-cv-01846)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2016
Before:  FISHER, JORDAN, and VANASKIE, Circuit Judges

(Opinion filed:  January 26, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Eric Rhett, proceeding pro se, appeals from the District Court's order dismissing his amended complaint with prejudice. For the reasons set forth below, we will summarily affirm.

On March 11, 2015, Rhett filed a proposed complaint and application to proceed in forma pauperis in the District Court. The District Court granted Rhett's application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). Although the District Court could discern that the allegations in the complaint appeared to relate to the administration of Rhett's late mother's trust, the District Court concluded that the complaint was essentially incoherent and lacking in any viable claim. Accordingly, pursuant to § 1915(e)(2)(B)(ii), the District Court dismissed the complaint without prejudice and provided Rhett 45 days to file an amended complaint.

Rhett subsequently filed an amended complaint. In screening the amended complaint pursuant to § 1915(e)(2), the District Court once again concluded that it similarly failed to state any claim upon which relief could be granted. Noting that the amended complaint appeared to present numerous unconnected grievances against various entities and individuals, interspersed with "snippets of laws, receipts, grocery purchases, electricity bills, newspaper clippings, paychecks, and various applications," the District Court determined that Rhett did not provide any comprehensible allegations

or "digestible set of facts" from which it could discern any plausible federal cause of action. Accordingly, the District Court dismissed the amended complaint with prejudice.

Rhett appeals.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Rhett's amended complaint for failure to state a claim under § 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will summarily affirm the District Court's decision because the appeal does not raise a substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly dismissed the amended complaint. Even construing the amended complaint liberally, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Rhett fails to state any cognizable claim for relief. Instead, Rhett's pleadings contain mostly unintelligible allegations against multiple disparate entities and individuals, including the United States of America, New Jersey state and county agencies, medical doctors, insurance entities, an electric company, and Rhett's sister. The convoluted and largely incomprehensible amended complaint appears to raise various unconnected grievances against these defendants related, in part, to insufficient disability payments, misdiagnosis of an injury that occurred in 1998, loss of power at an apartment building, and the administration of his late mother's trust. Absent from the amended complaint, however, are any comprehensible, viable claims for relief. Moreover, given that Rhett was previously provided an opportunity to amend his

---

[1] He also submits several documents in support of his appeal and presents several motions, including a motion to temporarily receive a monthly medical allowance and a

complaint, the District Court did not err when it declined to grant Rhett further leave to amend and dismissed the amended complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

Accordingly, we will affirm the District Court's judgment. We also deny Rhett's pending motions.

---

motion to deviate from normal appellate practice.